UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN ETIER<br><br>**Plaintiff,**<br><br>v.<br><br>**UNIFIED GOVERNMENT OF WYANDOTTE COUNTY / KANSAS CITY KANSAS**<br>Serve at:<br>County Clerk<br>701 N. 7th Street Trafficway<br>Kansas City, KS  66101<br><br>**WYANDOTTE COUNTY SHERIFF'S DEPARTMENT**<br>Serve at:<br>Sheriff Daniel Soptic<br>701 N. 7th Street Trafficway<br>Kansas City, KS  66101<br><br>**Defendants.** | Case No. 5:22-cv-3116-SAC |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the above captioned Plaintiff, by and through counsel Phillip C. Strozier, and for Plaintiff's causes of action against the above captioned Defendants, hereby alleges and states as follows:

### NATURE OF THE CLAIMS

1. This matter is an action for legal and equitable relief to redress the deprivation of Plaintiff's constitutional rights by the named Defendants, pursuant to 42 U.S.C. § 1983, in addition to violations of Kansas state law.

2. Plaintiff has continued to endure a high risk of serious injury, illness, and lasting damages, due to the unsanitary conditions and understaffing of Defendants' detention center.

1

3. Defendants are deliberately indifferent to the serious and systematic constitutional violations.

4. Defendants' liability is based upon allegations including the following things, all of which demonstrate patterns of behavior and deliberate indifference to the issues raised and to the rights of citizens. These all led to deprivations of rights, privileges, and immunities secured by the federal and state constitutions as well as federal and state laws. Defendants acted together in a joint venture, were joint tortfeasors, and are jointly and severely liable to Plaintiff.

## PARTIES

5. Plaintiff, Justin Etier, is an individual resident of the State of Kansas, and at all times relevant to this action, was in the custody of the Wyandotte County Sheriff's Office and residing in the Wyandotte County Adult Detention Facility.

6. Defendant Unified Government of Wyandotte County ("WyCo") is a county governmental entity, organized and existing under the laws of the State of Kansas. Defendant WyCo is liable as a governmental entity.

7. At all times pertinent hereto, all employees and agents of Defendant WyCo were acting in their individual capacity, and as agents of Defendant WyCo within the course and scope of their employment and authority in furtherance of the interests of Defendant WyCo. All the acts and omissions of the employees of Defendant WyCo are imputed to their employer who is liable for such acts, omissions, policies, procedures, practices, and customs.

8. Defendant Wyandotte County Sheriff's Office ("WCSO") is a law enforcement agency of the Unified Government of Wyandotte County/Kansas City, Kansas, and is responsible for the

day-to-day operations of the county jail and providing charge and custody of the Wyandotte County Detention Facility.

9. At all times pertinent hereto, all employees and agents of Defendant WCSO were acting in their individual capacity, and as agents of Defendant WCSO within the course and scope of their employment and authority in furtherance of the interests of Defendant WCSO. All the acts and omissions of the employees of Defendant WCSO are imputed to their employer who is liable for such acts, omissions, policies, procedures, practices, and customs.

10. Defendants acted under color of state and federal law at all times relevant to this Complaint.

## JURISDICTION AND VENUE

11. The Court has jurisdiction over this lawsuit pursuant to 28 U.S.C. §1331 and 1343, as this lawsuit arises under the Constitution of the United States and the provisions of 42 U.S.C. § 1983. Additionally, the Court has supplemental jurisdiction of Plaintiff's state law claim under 28 U.S.C. § 1367(a).

12. Venue is proper in this Court under 28 U.S.C. §1391, in that a substantial part of the events or omissions giving rise to the claims occurred in Wyandotte County, Kansas and Kansas City, Kansas.

13. The Defendants' conduct violated clearly established federal and state protected rights of which every reasonable competent official in Defendants' respective positions would have, or should have, been aware.

**FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

14. On or about December 22, 2021, Plaintiff, an inmate of the Wyandotte County Detention Facility, was asleep on his mattress on the bottom bunk bed in his individual pod.

15. As he was asleep, Plaintiff was struck by a forceful object on his head.

16. Once Plaintiff came to, he noticed and realized that the bunk bed top frame somehow detached from the wall and collapsed on his head.

17. Plaintiff attempted to push the frame off of him, however as he previously suffered an ankle injury, he could not generate enough force to push the frame off of him.

18. Plaintiff was forced to slide out from underneath the frame and called for emergency medical assistance multiple times.

19. Plaintiff bled from his scalp and blood ran down his face, along with visible deformation.

20. Plaintiff was subsequently placed in the infirmary for monitoring.

21. Plaintiff repeatedly requested additional treatment, including treatment and testing with the medical staff at the University of Kansas Medical Center, but has been denied the right to such treatment.

22. Plaintiff has, since the date of aforementioned injuries, repeatedly requested that he be given additional testing, specifically including magnetic resonance imaging (MRI) or computed tomography (CT scan) to diagnose potential specific injury to his head as a result of the symptoms from which he continues to suffer, but Defendants continue to deny the requests for such treatment.

23. Plaintiff continues to suffer from the same symptoms of which he has consistently complained since the date of the aforementioned injuries and continues to request additional or follow-up treatment as of the date of this Complaint.

24. Plaintiff has frequently complained to Defendants' personnel and the medical staff, about the general abhorrent conditions of the Wyandotte County Detention Facility, such as deplorable and unsafe sanitary conditions, defective plumbing, poor ventilation, restrictions on shower privileges and activities outside of his cell, and other issues.  These conditions led to Plaintiff developing a severe case of Methicillin-resistant Staphylococcus aureus (MRSA) while in residence at the Wyandotte County Detention Facility.

25. Plaintiff has contracted MRSA several more times while in residence at the Wyandotte County Detention Facility.

26. Plaintiff has consistently requested medical assistance and has repeatedly been denied by Defendant WCSO. Plaintiff has been forced to suffer physically and emotionally due to the lack of appropriate and adequate medical care provided to him.

27. Plaintiff has also frequently complained to Wyandotte County Detention Facility personnel, including medical staff, about a myriad of other issues such as detention center personnel's failure to regularly inspect cells for dangerous conditions and faulty equipment, the lack of beds available in relation to the amount of inmates housed, the overcrowding and lack of space to house the number of inmates housed, the general and overall air of decay caused by recurring plumbing issues creating raw sewage, and danger and filth rampant throughout the detention facility.

28.     All of Plaintiff's concerns and complaints, both medical as well as otherwise, have been routinely ignored by Defendants.

29.     As a direct and proximate result of the accident, Plaintiff sustained significant damages as described below.

## COUNT I – NEGLIGENCE
### (v. All Defendants)

30.     Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the aforementioned paragraphs.

31.     Defendants failed to safeguard the upper bunk bed and were negligent in one or more of the following respects:

      A.     failed to properly secure the upper bunk;

      B.     failed to properly maintain the upper bunk;

      C.     failed to properly inspect the upper bunk; and

      D.     failed to properly repair the upper bunk.

32.     As a direct and proximate result of Defendants' negligence, Plaintiff sustained significant losses and damages, as follows:

      A.     significant head injury;

      B.     significant brain injury;

      C.     significant head injury;

      D.     significant pain and suffering;

      E.      significant mental anguish; and

      F.      significant inconvenience.

As a direct and proximate result of Defendants' negligence, Plaintiff has incurred and is entitled to recover special damages, including but not limited to past and future medical expenses, and other miscellaneous expenses, in an amount to be proven at trial. Plaintiff is also entitled to recover for his general damages, including all past and future pain and suffering, and related damages.

## COUNT II – DUE PROCESS VIOLATIONS PURSUANT TO 42 U.S.C. § 1983
### (v. All Defendants)

33.    Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in the aforementioned paragraphs.

34.    Defendants, through their acts and omissions, failed to provide sanitary conditions for Plaintiff, as follows:

      A.      Defendants housed too many prisoners, leading to overcrowding and a lack of beds for Plaintiff and others;

      B.      Defendants failed to adequately staff the facility, leading to the inability of Plaintiff and other inmates to be able to enjoy recreational time, for extended periods of time;

      C.      Defendants failed to adequately maintain plumbing and plumbing fixtures, leading to instances of raw sewage in the shower and other common areas;

    D.    Defendants failed to adequately maintain the individual inmate pods, leading to routine development of hazardous mold and moisture issues;

    E.    Defendants failed to adequately maintain the individual inmate pods, leading to routine flooding issues; and

    F.    Defendants failed to adequately maintain an individual inmate pod Plaintiff was transferred to, and Plaintiff's pod contained raw feces and blood on the walls when he first moved in.

35. Defendants' overcrowding issue, coupled with being routinely understaffed and plumbing issues, has resulted in unsanitary conditions in which Plaintiff is forced to live.

36. Defendants are deliberately indifferent to the serious risk of substantial harm to Plaintiff.

37. Defendants have exhibited deliberate indifference to the health and safety of Plaintiff, in violation of the rights and privileges secured and protected by federal law.

38. Defendants have been aware of the unsanitary conditions, overcrowding and understaffing for several years, but have not adequately addressed the ongoing issues.

39. Defendants' practices, policies and procedures as related to the circumstances of the prison are inadequate to provide safe, sanitary conditions for Plaintiff and other inmates.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff prays for judgement against Defendants in a fair and reasonable sum for actual damages and noneconomic, in excess of $25,000.00, costs incurred and expended herein, together with prejudgment and post-judgment interest and for such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**PK LAW GROUP**

/s/ *Phillip Strozier*
PHILLIP C. STROZIER, KS #29179
2015 Grand Blvd.
Kansas City, MO 64108
(816) 929-8777 Phone
(816) 929-8791 Fax
pstrozier@pklawgroup.com
**ATTORNEY FOR PLAINTIFF**