IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER ETIER,

    **Plaintiff,**

    v.                                                   CASE NO. 22-3116-SAC

UNIFIED GOVERNMENT
OF WYANDOTTE COUNTY, et al.,

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this action under 42 U.S.C. § 1983. Plaintiff was *pro se* when the Complaint was filed but is now represented by an attorney. The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff is a pretrial detainee confined at the Wyandotte County Detention Center ("WCDC") in Kansas City, Kansas. The Court entered a Memorandum and Order and Order to Show Cause (Doc. 6) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed or to file an amended complaint to cure the deficiencies set forth in the MOSC. This matter is before the Court for screening Plaintiff's Amended Complaint (Doc. 10; "AC"). The Court's screening standards are set forth in the MOSC.

Plaintiff alleges in his original Complaint that he was injured when a bunk bed became detached from the wall and fell on him. He alleges a failure to inspect the cells, that Defendants prevented him from receiving proper treatment for his injuries, and that they were negligent in failing to get him to an emergency room or a specialist doctor. He acknowledges that he received medical care but claims he should have been transferred to the emergency room. Plaintiff further contends that he later contracted MRSA as a result of Defendants failing to exercise reasonable

1

care to stop MRSA from spreading at the WCDC; that the facility is in an advanced state of deterioration, unsanitary, outdated, understaffed, and overcrowded; and that there have been excessive lockdowns as a result of the lack of staff.

In his Amended Complaint, Plaintiff provides the date of the incident: December 22, 2021. The AC claims that Plaintiff has repeatedly requested additional medical treatment and testing, such as an MRI or a CT scan, and that he has suffered from the same symptoms since the incident. The AC does not describe what those symptoms are.

The AC further alleges that Plaintiff frequently complained of defective plumbing, poor ventilation, restrictions on shower privileges and activities outside of his cell, and other issues. The AC claims that these conditions led to Plaintiff developing MRSA, which he has repeatedly contracted while at the WCDC. The AC asserts that Plaintiff also complained about WCDC personnel's failure to regularly inspect cells for dangerous conditions and faulty equipment, the lack of beds in relation to the number of inmates, overcrowding, "the general and overall air of decay" caused by recurring plumbing issues, and "danger and filth rampant throughout" the WCDC. Doc. 10, at 5.

The AC brings two counts: (1) a state law negligence count based on the bunk incident; and (2) a count for violation of Plaintiff's due process rights based on a failure to provide sanitary conditions. The AC names two defendants, the Unified Government of Wyandotte County/Kansas City, Kansas and the Wyandotte County Sheriff's Department.

Because the AC names no individual defendants, it appears Plaintiff is proceeding solely on a § 1983 municipal liability claim (with the addition of a state law negligence claim). To state a claim for municipal liability under § 1983, a plaintiff must allege "(1) an official policy or custom, (2) causation, and (3) deliberate indifference." *Johnson v. Davis Cnty.*, No. 21-4030, 2022

WL 830202, at *3 (10th Cir. Mar. 21, 2022) (quoting *Crowson v. Washington Cnty. Utah*, 983 F.3d 1166, 1184 (10th Cir. 2020), *cert. denied* 142 S. Ct. 224 (2021)).  In addition, the plaintiff must establish an underlying constitutional violation.  *Id*.  The Tenth Circuit has explained that in most cases, a municipality's liability will depend on the violation of the plaintiff's constitutional rights by a *specific* municipal officer.  *Id*.  However, "when a municipal liability claim is premised on the municipality's 'systemic failure[s],' no single individual defendant need be found liable.  *Id.* (quoting *Crowson*, 983 F.3d at 1192). "Rather, 'the combined acts or omissions of several employees acting under a governmental policy or custom may violate an individual's constitutional rights.'" *Id.* (quoting *Crowson*, 983 F.3d at 1186 (internal citation omitted)).

      The AC alleges an official policy or custom of failing to maintain and inspect the WCDC, that this official policy or custom caused Plaintiff's injuries from the falling bunk and MRSA, and that Unified Government officials were deliberately indifferent to Plaintiff's complaints about the conditions at the WCDC.  Further, it is possible for a municipality to be liable for negligence under the Kansas Tort Claims Act.  *See Estate of Randolph v. City of Wichita*, 459 P.3d 802, 813 (Kan. App. 2020).  At this initial screening stage, the Court finds that the case may proceed to service.

      However, the Wyandotte County Sheriff's Department is not a suable entity under § 1983. *See e.g. Martinez v. Winner,* 771 F.2d 424, 444 (10th Cir. 1985) ("The 'City of Denver Police Department' is not a separate suable entity."); *see also Moore v. Diggins*, 633 F. App'x 672, 677 (10th Cir. 2015) (holding the Denver Sheriff's Department "is not a suable entity under § 1983"); *Faulkner v. Correct Care Sols.*, No. 13-3127-SAC, 2013 WL 5499815, at *4 (D. Kan. Oct. 3, 2013) (finding the Johnson County Sheriff's Department is not a suable entity); *Burnett v. McPherson Cty. Sheriff's Dep't*, No. 07-3038-SAC, 2008 WL 161681, at *3 (D. Kan. Jan. 16, 2008) (McPherson County Sheriff's Department is not a person within the meaning of §1983 and

3

is not a suable entity); *Williams v. Clay Cty. Police Dep't*, No. 10-CV-2658-EFM, 2011 WL 2294257, at *3 (D. Kan. June 8, 2011), *aff'd,* 442 F. App'x 396 (10th Cir. 2011) ("It is well established that under Kansas law, police departments lack the capacity to be sued."); *Pfuetze v. Kansas*, No. 10-1139-CM-GLR, 2010 WL 3892243, at *5 (D. Kan. Sept. 29, 2010) (Sedgwick County Sheriff's Department is not a legal entity amendable to suit). Therefore, the Sheriff's Department is subject to dismissal.

**IT IS THEREFORE ORDERED** that the Wyandotte County Sheriff's Department is **dismissed** from this action.

**IT IS FURTHER ORDERED** that Plaintiff may proceed with service on the remaining defendant.

**IT IS SO ORDERED**.

**Dated October 7, 2022, in Topeka, Kansas.**

<u>s/ Sam A. Crow</u>
**Sam A. Crow**
**U.S. Senior District Judge**