# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAMON LAMONT WHEELER, )
)
        Plaintiff, )
)
vs. ) Case No. 22-1250-TC-KGG
)
COLEMAN USA, *et al.*, )
)
        Defendants. )
)

## MEMORANDUM & ORDER DENYING MOTION FOR MORE DEFINITE STATEMENT

Now before the Court is Defendant Unified Government's motion for a more definite statement. (Doc. 16.) After a review of Plaintiff's submission, the Court **DENIES** the motion for the reasons set forth herein.

**I.  BACKGROUND.**

Plaintiff filed his initial federal court Complaint *pro se* bringing claims for a violation of his constitutional rights against the Unified Government of Wyandotte County ("Defendant" or "Defendant Unified Government"), the Board of County Commissioners of Wyandotte County, Kansas, WellPath, LLC, and various individual Defendants from the Wyandotte County Sheriff's Office ("WCSO") and the Wyandotte County Detention Center ("WCDC"). (Doc. 1.) The District Court

1

entered a Show Cause Order directing Plaintiff to file an Amended Compliant to cure various deficiencies in his pleading. (*See generally* Doc. 6.)

In the Show Cause Order, the District Court summarized the claims in Plaintiff's original *pro se* Complaint, which generally revolved around his allegations regarding the conditions of the WCDC. (Doc. 6, at 2.) The District Court's summary of the original *pro se* Complaint continued, stating that Plaintiff

> claims the facility is in an advanced state of deterioration, unsanitary, outdated, understaffed, and overcrowded. He also alleges there have been excessive lockdowns as a result of the lack of staff.
> Plaintiff further describes how he was injured when a bunk bed became detached from the wall and fell on him. He alleges a failure to inspect the cells, that Defendants prevented him from receiving proper treatment for his injuries, and that they were negligent in failing to get him to an emergency room or a specialist doctor. (Doc. 1, at 26.) He acknowledges that he received medical care but claims he should have been transferred to the emergency room. Plaintiff further contends that he later contracted MRSA as a result of Defendants failing to exercise reasonable care to stop MRSA from spreading at the WCDC.
> Plaintiff brings three counts. In Count I (also referred to as Count C later in the document), Plaintiff alleges a failure to train medical and security personnel with respect to neurological injuries, infectious disease transmission, emergency responsiveness, and medical treatment in general.
> In Count II (also referred to as Count A), Plaintiff alleges a failure to protect him from harm caused by the unsafe conditions at the WCDC. He claims that defendants Patricks, Thaxton, McCollough, Soptic, the Unified Government, and the County Commissioners failed to act on knowledge of a substantial risk of serious

> harm to Plaintiff's health in violation of his Eighth Amendment rights.
> 
> In Count III (also referred to as Count B), Plaintiff alleges deliberate indifference to the risk of having security staff and medical staff who were not trained. He further claims medical staff delayed care or refused to provide appropriate emergency care.

(*Id.*, at 1-2.)

Thereafter, Plaintiff retained counsel (Doc. 9), who filed an Amended Complaint ("AC"), which alleges the date of the incident at issue – December 22, 2021. (Doc. 10.) The AC did not name any of the individual Defendants, who have since been dismissed from the case. (*Id.*)

In reviewing the AC, the District Court dismissed WCSO from the case, but allowed Plaintiff to proceed against Defendant Unified Government. (*See generally* Doc. 11.) In reaching this conclusion, the District Court summarized Plaintiff's amended claims as follows:

> The AC claims that Plaintiff has repeatedly requested additional medical treatment and testing, such as an MRI or a CT scan, and that he has suffered from the same symptoms since the incident. The AC does not describe what those symptoms are.
> The AC further alleges that Plaintiff frequently complained of defective plumbing, poor ventilation, restrictions on shower privileges and activities outside of his cell, and other issues. The AC claims that these conditions led to Plaintiff developing MRSA, which he has repeatedly contracted while at the WCDC. The AC asserts that Plaintiff also complained about WCDC personnel's failure to regularly inspect cells for dangerous conditions and faulty equipment, the lack of

3

> beds in relation to the number of inmates, overcrowding, "the general and overall air of decay" caused by recurring plumbing issues, and "danger and filth rampant throughout" the WCDC. Doc. 10, at 5.
> The AC brings two counts: (1) a state law negligence count based on the bunk incident; and (2) a count for violation of Plaintiff's due process rights based on a failure to provide sanitary conditions. The AC names two defendants, the Unified Government of Wyandotte County/Kansas City, Kansas and the Wyandotte County Sheriff's Department.

(Doc. 11, at 2.)

Defendant Unified Government now moves for a more definite statement from Plaintiff "relative to Defendant[']s] … policy, custom or practice that cause [sic] or contributed to his injuries, so Defendant can properly prepare a response." (Doc. 17, at 1.)  Defendant argues that after the District Court dismissed the WCSO as a party Defendant, "it is unclear what facts alleged relate to an official policy or custom of [Defendant Unified Government] that led to Plaintiff's injuries, and or how [Defendant] was deliberately indifferent to the rights of Plaintiff." (*Id*., at 3.)  Defendant contends the factual allegations in the AC "appear to describe the actions (or inactions)" of the WCSO or its employees." (*Id*.)  Defendant continues that there is no clear factual link between Defendant Unified Government and "the duty or the decision-making authority to make and enforce the same over" WCSO.  (*Id*.)  Defendant argues that "a clearer presentation

of the facts under which Plaintiff is asserting his claim against [Defendant Unified Government] is necessary in order to fully respond." (*Id.*)

## II. ANALYSIS.

Federal Rule of Civil Procedure 12(e) provides, in pertinent part, that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) should be considered in the context of Fed.R.Civ.P. 8, which establishes the general guidelines for pleadings. 5A Wright & Miller, Federal Practice and Procedure, § 1377 at 618 (1990). Rule 8(a) sets forth three requirements for a Complaint: (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought. Fed.R.Civ.P. 8(e).

"The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief." **Ramos–Hernandez v. U.S.**, 11–1073–BNB, 2011 WL 5459436, at *5 (D. Colo. Nov. 10, 2011) (citing **Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas**, 891 F.2d 1473, 1480 (10th Cir.1989)). "'Once a complaint meets these requirements, the [answering party] is

put on notice of the nature of . . . [the] claim.'" **Berg v. Frobish**, 2012 WL 3112003, at *4 (D. Kan. July 31, 2012) (citation omitted).

The decision whether to grant or deny a motion for more definite lies within the sound discretion of the court. **Graham v. Prudential Home Mortgage Co., Inc.**, 186 F.R.D. 651, 653 (D.Kan.1999). Motions for more definite statement are generally disfavored by the courts and should not be used as methods of pretrial discovery. **Feldman v. Pioneer Petroleum, Inc.**, 76 F.R.D. 83 (W.D. Ok. 1977). "Requiring a more definite statement is appropriate when addressing unintelligible or confusing pleadings." **Suede Grp., Inc. v. S Grp., LLC**, No. 12-2654-CM, 2013 WL 183752, at *1 (D. Kan. Jan. 17, 2013) (citations omitted). Motions brought pursuant to 12(e) "are properly granted only when a party is unable to determine the issues" to which they must respond. **Norwood v. United Parcel Serv., Inc.**, No. 19-2496-DDC-JPO, 2020 WL 5802078, at *19 (D. Kan. Sept. 29, 2020) (quoting **Resolution. Trust Corp. v. Thomas**, 837 F. Supp. 354, 356 (D. Kan. 1993)). "A motion for more definite statement should not be granted merely because the pleading lacks detail; rather, the standard to be applied is whether the claims alleged are sufficiently specific to enable a responsive pleading in the form of a denial or admission." *Id*. (quoting **Advantage Homebuilding, LLC v. Assurance Co. of Am.**, No. 03-2426-KHV, 2004 WL 433914, at *1 (D. Kan. March 5, 2004)).

After reviewing Plaintiff's claims (Doc. 10), the Court finds that it meets the fair notice requirement of Rule 8(a). These claims, as judged by the standards set forth in Rule 12(e), are sufficient to require Defendant to respond. The particular information Defendant contends is missing from the claims (*e.g.*, a link between Defendant and the alleged policy or custom of ) is not necessary for Defendant to respond to the allegations.

The Court is satisfied that Defendant has sufficient information to frame an Answer in regard to these causes of action. This is particularly true given the fact that the District Court reviewed the Amended Complaint in the context of its Show Cause Order and specifically found that Plaintiff could proceed against Defendant Unified Government. (*See* Doc. 11.) Further, the Court is satisfied that Defendant can discover more specific facts on which Plaintiff bases his claims by the use of the discovery devices provided by Rules 26 thru 37. Defendant's Motion for More Definite Statement (Doc. 16) is, therefore, **DENIED**.

IT IS THEREFORE ORDERED that Defendant's Motion for a More Definite Statement (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 24th day of January, 2023.

S/ KENNETH G. GALE
KENNETH G. GALE
United States Magistrate Judge
