IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JUSTIN TYLER ETIER,

*Plaintiff,*

vs.

UNIFIED GOVERNMENT OF
WYANDOTTE COUNTY, KANSAS,

*Defendant.*

Case No. 22-CV-3116-EFM-KGG

**MEMORANDUM AND ORDER**

Plaintiff Justin Tyler Etier brings suit against Defendant Unified Government of Wyandotte County, Kansas ("Wyandotte County") under 42 U.S.C. § 1983.[1] He asserts a claim for municipal liability alleging that Defendant had an official policy or custom of failing to maintain and inspect the Wyandotte County Detention Center ("WCDC") which led to Plaintiff's injuries from a falling bunk bed and contracting MRSA.

**I.    Factual and Procedural Background**

Keyaun Lee, a pro se movant in this case, has filed a Motion to Permit Joinder as New Party (Doc. 18). He requests that the Court allow him to assert additional claims for relief, as well as add additional defendants to the action. Lee seeks to assert a claim for negligence based on his

---

[1] Plaintiff originally proceeded pro se, but he now has counsel, and counsel filed the operative Amended Complaint in this matter.

hospitalization after exposure to infectious diseases, a claim for failure to provide sanitary conditions at WCDC, and a municipal liability claim against Wyandotte County, the Wyandotte County Board of County Commissioners, and medical service provider WellPath. Wyandotte County objects to his motion arguing that Lee is not a party to this action, that he does not provide a basis under Fed. R. Civ. P. 20 to join, and that Lee has a separate action ongoing against Wyandotte County.

## II.     Legal Standard

"Permissive joinder of plaintiffs is governed by Fed. R. Civ. P. 20(a)(1)."[2] Federal Rule of Civil Procedure 20(a)(1) provides:

> Plaintiffs.  Persons may join in one action as plaintiffs if:
>
> (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all plaintiffs will arise in the action.

Although "joinder is encouraged for purposes of judicial economy, the Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."[3]

## III.     Analysis

In this case, Plaintiff's claim relates to an injury he allegedly sustained when a bunk bed fell on him. He claims that Wyandotte County failed to inspect the cells or give proper medical treatment for his injuries. Plaintiff also asserts that there are unsanitary conditions at WCDC, such

---

[2] *Waterman v. Tippie*, 2022 WL 17358150, at *1 (D. Kan. 2022) (citing Fed. R. Civ. P. 20(a)(1)).

[3] *Id*. (quotation marks and citations omitted).

as defective plumbing, poor ventilation, and restrictions on shower privileges, and Wyandotte County was deliberately indifferent or failed to exercise reasonable care in stopping the spread of MRSA.

Lee's proposed claims are briefly stated and appear to primarily relate to his hospitalization and his exposure to infectious diseases.[4] Although Lee's claims may overlap a little with Plaintiff's claim relating to sanitary conditions, he seeks to assert additional claims and include additional defendants. Thus, the claims do not arise out of the same transaction or occurrence or series of transactions and occurrences, and permissive joinder is inappropriate. Furthermore, Lee has already filed his own case in this Court asserting the claims he seeks to assert here and including additional defendants.[5] Finally, the Court notes that Lee previously tried to file a lawsuit with Plaintiff, and the case was dismissed because Plaintiffs had not complied, in part, with Rule 20(a).[6]

**IT IS THEREFORE ORDERED** that Movant Keyaun Lee's Motion to Permit Joinder (Doc. 18) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 30th day of January, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff does not include any underlying facts as to his proposed claims.

[5] *See* Case No. 22-CV-3296-JWL.

[6] *See* Case No. 22-3067-SAC, Doc. 6.