IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN TYLER ETIER,<br><br>*Plaintiff,*<br><br>vs.<br><br>UNIFIED GOVERNMENT OF<br>WYANDOTTE COUNTY, KANSAS,<br><br>*Defendant.* | Case No. 22-CV-3116-EFM-KGG |

**MEMORANDUM AND ORDER**

Before the Court is pro se movant Keyaun Lee's Motion for Reconsideration (Doc. 28). Lee previously filed a Motion to Permit Joinder as New Party. He sought to join Plaintiff Justin Tyler Etier's suit in which Etier asserts claims for municipal liability against Defendant Unified Government of Wyandotte County, Kansas. He alleges that Defendant has an official policy or custom of failing to maintain and inspect the Wyandotte County Detention Center ("WCDC") which led to Plaintiff's injuries from a falling bunk bed and contracting MRSA.

Lee requested that the Court allow him to assert additional claims for relief, as well as add additional defendants to the action. Lee's proposed claims primarily related to his hospitalization

and his exposure to infectious diseases.[1]  The Court considered Lee's motion for permissive joinder under Fed. R. Civ. P. 20(a)(1).

The Court found that although Lee's assertions may overlap a little with Plaintiff's claim relating to sanitary conditions, he sought to include additional claims and defendants.  Thus, his claims did not arise out of the same transaction or occurrence or series of transactions and occurrences, and the Court denied Lee's motion for permissive joinder.

Lee is before the Court seeking reconsideration of that Order.  D. Kan. Rule 7.3(b) governs motions to reconsider non-dispositive orders, and Fed. R. Civ. P. 59(e) and 60 govern motions to reconsider dispositive orders.[2]  The standard is the same under both rules.

A party may seek reconsideration on the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.[3]  While a motion to reconsider is available where the court has "misapprehended a party's position, the facts or applicable law, or where the party produces new evidence that it could not have obtained earlier through the exercise of due diligence," such a motion is "not a second opportunity for the losing party to make its strongest case, to rehash

---

[1] Lee did not include any underlying facts as to his proposed claims.

[2] D. Kan. R. 7.3(b); *Coffeyville Res. Refin. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

[3] D. Kan. R. 7.3(b); *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

arguments or to dress up arguments that previously failed."[4]  Whether to grant a motion for reconsideration is left to the court's discretion.[5]

Although Lee states that there is new evidence that a lab culture tested positive for MRSA, this evidence does not change the Court's previous determination.  Lee's proposed claims do not arise out of the same transaction or occurrence as Etier's, and thus permissive joinder under Fed. R. Civ. P. 20(a) is inappropriate.  Thus, Lee's motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that Movant Keyaun Lee's Motion for Reconsideration (Doc. 28) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2023.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Bedivere Ins. Co. v. Blue Cross & Blue Shield of Kan., Inc.*, 491 F. Supp. 3d 929, 936 (D. Kan. 2020) (quoting *Skepnek v. Roper & Twardowsky, LLC*, , 2012 WL 5907161, at *1 (D. Kan. 2012)) (citations omitted).

[5] *Id.* (citation omitted).