IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JUSTIN TYLER ETIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 22-3116-SAC |
| ) | |
| UNIFIED GOVERNMENT OF ) | |
| WYANDOTTE COUNTY/KANSAS ) | |
| ) | |
| Defendant. ) | |

## ANSWER

**COMES NOW,** Defendant Unified Government submits the following answer to Plaintiff's First Amended Complaint [DOC. 10].

### NATURE OF THE CLAIMS

1. Answering Paragraph 1, Defendant acknowledges that Plaintiff claims' arise under 42 U.S.C. 1983 and Kansas state law but deny that Plaintiff is entitled to damages.

2. Answering paragraph 2, the Defendant denies the averments as set forth therein.

3. Answering paragraph 3, the Defendant denies the averments as set forth therein.

4. Answering paragraph 4, the Defendant denies the averments as set forth therein.

**PARTIES**

5. Answering paragraph 5, the Defendant admits that Plaintiff has been in the custody of the Wyandotte County Sheriff and resided at the Wyandotte County Detention Center at various times in his life, but is without sufficient information to admit or deny the remaining averments set forth therein, and therefore denies the same.

6. Answering paragraph 6, Defendant admits it is a governmental agency organized under

the laws of the State of Kansas. The remaining averments are a legal conclusion to which no response is required, and therefore the same is denied.

7. Answering paragraph 7, Defendant is without sufficient information to admit or deny the averments as set forth therein, and therefore denies the same.

8. Answering paragraph 8, Defendant admits the averments as set forth therein.

9. Answering paragraph 9, Defendant is without sufficient information to admit or deny the averments as set forth therein, and therefore denies the same.

10. Answering paragraph 10, Defendant is without sufficient information to admit or deny the averments as set forth therein, and therefore denies the same.

## JURISDICTION AND VENUE

11. Answering paragraph 11, Defendant admits the averments as set forth therein.

12. Answering paragraph 12, Defendant admits the averments as set forth therein.

13. Answering paragraph 13, Defendant denies the averments as set forth therein.

## FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

14. Answering paragraph 14, Defendant admits that Plaintiff was a resident of the Wyandotte County Detention Center on December 22, 2021, but is without sufficient information to either admit or deny the remaining averments and therefore denies the same.

15. Answering paragraph 15, Defendant is without sufficient information to admit or deny the averments as set forth therein and therefore denies the same.

16. Answering paragraph 16, Defendant is without sufficient information as to admit or deny the averments as set forth therein and therefor denies the same.

17. Answering paragraph 17, Defendant is without sufficient information as to admit or deny the averments as set forth therein and therefor denies the same.

18. Answering paragraph 18, Defendant is without sufficient information as to admit or deny the averments as set forth therein and therefor denies the same.

19. Answering paragraph 19, Defendant is without sufficient information as to admit or deny the averments as set forth therein and therefore denies the same.

20. Answering paragraph 20, Defendant is without sufficient information as to admit or deny the averments as set forth therein and therefor denies the same.

21. Answering paragraph 21, Defendant admits that Plaintiff has requested medical treatment but denies the remaining averments as set forth therein.

22. Answering paragraph 22, Defendant admits that Plaintiff has requested medical treatment but denies the remaining averments as set forth therein.

23. Answering paragraph 23, Defendant is without sufficient information to either admit or deny the averments set forth therein and therefore denies the same.

24. Answering paragraph 24, Defendant admits that Plaintiff has made complaints and admits that Plaintiff contracted MRSA but denies each and every other averment unless specifically admitted.

25. Answering paragraph 25, Defendant is without sufficient information to admit or deny the averments as set forth herein and therefore denies the same.

26. Answering paragraph 26, Defendant admits that Plaintiff has requested medical assistance but denies the remaining averments as set forth therein.

27. Answering paragraph 27, Defendant admits that Plaintiff made complaints but denies each and every other averment unless specifically admitted.

28. Answering paragraph 28, Defendant denies the averments as set forth therein.

29. Answering paragraph 29, Defendant denies the averments as set forth therein.

## COUNT I - NEGLIGENCE

30. Defendant incorporates its responses to paragraphs 1 through 29 as if fully set forth herein.

31. Defendant denies the averments contained paragraph 31 and all its subparts.

32. Defendant denies the averments as set forth in paragraph 32 and all its subparts.

## COUNT II – DUE PROCESS VIOLATIONS PURSUANT TO 42 U.S.C. §1983

33. Defendant incorporates its responses to paragraphs 1 through 32 as if fully set forth herein.

34. Defendant denies each and every averment, including subparts, of paragraph 34.

35. Defendant denies each and every averment of paragraph 35.

36. Defendant denies each and every averment of paragraph 36.

37. Defendant denies each and every averment of paragraph 37.

38. Defendant denies each and every averment of paragraph 38.

39. Defendant denies each and every averment of paragraph 39.

## DEFENSES AND AFFIRMATIVE DEFENSES

40. Further answering the Complaint, Defendant avers that the Complaint fails to state a claim upon which relief can be granted.

41. Plaintiff's claims are barred due to a lack of causation between the alleged bunk falling and any act taken by the Unified Government

42. Further answering the Complaint, Defendant avers that it acted at all times in good faith and reasonably believed that its actions were lawful and Plaintiff is not entitled to damages.

43. Further answering the Complaint, Defendant asserts that it is entitled to immunity.

44. Defendant aver that its actions were privileged and justified under Kansas law.

45. Further answering the Complaint, Defendant avers that Plaintiff's claims are barred in

whole or in part by the provisions of the Kansas Tort Claims Act, K.S.A. 75-6101 et seq., including the exceptions to liability in K.S.A. 75-6104(c), (d), (e), (i), and (n).

46. Further answering the Complaint, Defendant avers that any alleged negligence must be compared with the causal negligence, carelessness, or omission of Plaintiff and Plaintiff's recovery, if any, is barred or diminished as provided by K.S.A. 60-258a.

47. Further answering the Complaint, Defendant avers that the amount of damages recoverable by Plaintiff is limited by K.S.A. 75-6105, §75-6014 (k), K.S.A. 60-1903, and K.S.A. 60-19a02.

48. Defendants cannot be held responsible for the medical care and treatment decisions of its independent contractor hired to provide medical assistance to offenders.

49. Further answering the Complaint, Defendant reserves the right to assert any additional defenses revealed during discovery.

**WHEREFORE**, having fully answered the Complaint, Defendant pray that the Court enter judgment in its favor on Plaintiff's claims and award it costs of defense, and for other and further relief that the Court deems just and appropriate under the circumstances.

### DEMAND FOR JURY TRIAL

Defendant demands a jury trial on Plaintiff's claims.

Respectfully Submitted,

*/s/     Joni Cole*
**Joni Cole, KBN 24798**
701 N. 7th Street, 9th Floor
Kansas City, Kansas 66101
Ph:  913-573-5069
Email: jscole@wycokck.org
**Attorney for Defendant**
**Unified Government**

## CERTIFICATE OF SERVICE

I certify that on this 30th day of May, 2023, a true and correct copy of the foregoing was filed using the District Court CM/ECF system which will generate a notice of electronic filing to Plaintiff's counsel of record and a PDF copies email to the same at:

PHILLIP C. STROZIER
2015 Grand Blvd.
Kansas City, MO 64108
pstrozier@pklawgroup.com

/s/    Joni Cole
      Attorney for Defendant